*Robert C. Gunther et al. v. Commissioner of Internal Revenue*
(11th Cir. – No. 19-11790)

C-1 of 2

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and

Eleventh Circuit Rule 26.1-1, counsel for the Commissioner of Internal

Revenue hereby certify that, to the best of their knowledge, information,

and belief, the following persons and entities have an interest in the

outcome of this appeal:

Aughtry, David D., Counsel for Petitioner-Appellant, Chamberlain,
    Hrdlicka, White, Williams & Aughtry

Bogardus, William, C., General Attorney, Internal Revenue Service

Commissioner of Internal Revenue, Respondent-Appellee

Desmond, Michael J., Chief Counsel, Internal Revenue Service

Corrado, Michael P., Area Counsel, Internal Revenue Service

Goeke, Joseph R., Judge, United States Tax Court

Gunther, Jayne C., Petitioner-Appellant

Gunther, Robert C., Petitioner-Appellant

Knight, Jeffrey R., Associate Area Counsel, Internal Revenue Service

17638539.1

*Robert C. Gunther et al. v. Commissioner of Internal Revenue*
(11th Cir. – No. 19-11790)

C-2 of 2

Lyon, Kathleen E., Attorney, Appellate Section, Tax Division,

  Department of Justice

McCann, Jr., Patrick J., Counsel for Petitioner-Appellant,

  Chamberlain, Hrdlicka, White, Williams & Aughtry

McLaughlin, Teresa E., Attorney, Appellate Section, Tax Division,

  Department of Justice

Meneely, Bruce K., Division Counsel, Internal Revenue Service

Moe, Debra K., Division Counsel, Internal Revenue Service

Reale, Debra, Associate Area Counsel, Internal Revenue Service

Regan, Frances F., Area Counsel, Internal Revenue Service

Rothenberg, Gilbert S., Chief, Appellate Section, Tax Division,

  Department of Justice


Counsel are not aware of any publicly traded company or

corporation that has an interest in the outcome of this case or appeal.

17638539.1

**IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

| | | |
|---|---|---|
| **ROBERT C. GUNTHER,** | ) | |
| **JAYNE C. GUNTHER,** | ) | |
| | ) | |
| **Petitioners-Appellants** | ) | |
| | ) | |
| **v.** | ) | **No. 19-11790** |
| | ) | |
| **COMMISSIONER OF INTERNAL REVENUE,** | ) | |
| | ) | |
| **Respondent-Appellee** | ) | |

**COMMISSIONER'S UNOPPOSED MOTION TO
HOLD BRIEFING IN ABEYANCE UNTIL
THIS COURT'S DECISION IN A RELATED CASE**

The Commissioner of Internal Revenue, appellee herein, respectfully moves this Court to hold briefing in this case in abeyance pending the Eleventh Circuit's decision in a related case, *Highpoint Tower Technology, Inc. v. Commissioner*, Case No. 18-10394 ("*Highpoint Tower*"), in which oral argument was presented to this Court on May 16, 2019. The *Highpoint Tower* case addresses the same legal issues, raised in the same procedural posture, as this appeal. Further, the appellant in *Highpoint Tower* and the appellants in this case were purported partners of the same purported partnership that was conclusively determined in a separate proceeding to be a sham

17638539.1

partnership.  In addition, appellants in both cases engaged in abusive tax shelter transactions facilitated by the partnership structure that resulted in the federal tax liabilities underlying their respective appeals.  In support of this motion, counsel for the Commissioner states as follows:

1.  Pursuant to this Court's order of May 13, 2019, the opening brief of appellants Robert C. Gunther and Jayne C. Gunther is due on June 17, 2019.  The Commissioner's answering brief is currently due on July 17, 2019.

2.  As explained in more detail below, the question before the Court in this case is the same as that presented in *Highpoint Tower*, that is, whether the Tax Court correctly determined that it lacked jurisdiction in the underlying deficiency proceeding to restrain the assessment or collection of accuracy-related penalties assessed by the Commissioner under § 6662 of the Internal Revenue Code (26 U.S.C.) ("I.R.C." or "the Code") on the ground that I.R.C. § 6230(a)(2)(A)(i) expressly excludes from deficiency jurisdiction "penalties . . . that relate to adjustments to partnership items."  The parties in *Highpoint Tower*,

17638539.1

which were represented by the same counsel as in this case, presented oral argument to this Court on May 16, 2019.

3. The relevant facts underlying this appeal are substantially the same as those presented in *Highpoint Tower*.[1]  In 1999, the Gunthers and Highpoint Tower participated in "Son-of-BOSS" abusive tax shelter transactions involving Arbitrage Trading, Inc. ("Arbitrage Trading"), a short-lived purported partnership of which Highpoint Tower and the Gunthers were purported partners.  Ex. A at 4; Ex. B at 1.  In a separate partnership-level proceeding, the Court of Federal Claims conclusively determined that Arbitrage Trading was a sham partnership that lacked economic substance.  Ex. A at 5; Ex. B at 1; *see also* Ex. C (Amended Judgment in *Arbitrage Trading, LLC v. United States*, Court of Federal Claims Docket No. 06-202T, and "Exhibit A" referenced therein); *Arbitrage Trading, LLC v. United States*, 108 Fed. Cl. 588 (Fed. Cl. 2013)  The Court of Federal Claims also conclusively determined that an accuracy-related penalty under I.R.C. § 6662 applied to any understatements of tax attributable to adjustments of

---

[1] The opinions of the Tax Court in this case and in *Highpoint Tower* are attached as Exhibits A and B to this motion, respectively.

17638539.1

partnership items reflected in the partners' returns.  Ex. A at 6; Ex. B at 1; *see also* Ex. C.

Based on their respective Son-of-BOSS transactions, the Gunthers and Highpoint Tower reported fictional capital losses on their respective 1999 federal income tax returns.  Ex. A at 5; Ex. B at 1-2.  The Gunthers also reported net operating loss carryforwards and short-term capital loss carryovers on their 2000 and 2002 returns relating to their transaction.  Ex. A at 5-6.

4.  This appeal is before this Court in the same procedural posture as *Highpoint Tower*.  That is, after the completion of the partnership-level proceeding, the Commissioner made computational adjustments to the Gunthers' returns, consistent with the conclusive determinations in the partnership-level proceeding, and issued notices of deficiency to them for 1999, 2000, and 2002, asserting income tax deficiencies and accuracy-related penalties under I.R.C. § 6662.  Ex. A at 2.  The Commissioner took the same steps against Highpoint Tower.  Ex. B at 1-2; Ex. E at 1-2.  After the Gunthers filed timely petitions for redetermination in Tax Court, the Commissioner assessed amounts asserted in the notices of deficiency for 1999 and 2000, plus interest,

17638539.1

and demanded payment.[2]   Ex. A at 4.  The same occurred in *Highpoint Tower*.  Ex. B at 1-2; Ex. E at 1-2.

The Gunthers then sought to restrain assessment and collection pursuant to I.R.C. § 6213(a) on the ground that such actions were premature while their petition for redetermination was pending in Tax Court.  Ex. D.  Highpoint Tower likewise so moved.  Ex. B at 1-2; Ex. E. In both this case and *Highpoint Tower*, the Commissioner objected to the motion and separately sought to dismiss the penalties from the deficiency proceeding on the ground that I.R.C. § 6230(a)(2)(A)(i) expressly excludes from the Tax Court's deficiency jurisdiction "penalties . . . that relate to adjustments to partnership items," as the Commissioner argued the penalties assessed in both cases do.  Ex. A at 11-12; Ex. B at 1-2.  *See Woods v. United States*, 571 U.S. 31, 39 (2013) ("A determination that a partnership lacks economic substance is an adjustment to a partnership item"); *see also* I.R.C. § 6221, 6226(f), 6230(a)(2)(A)(i).  The Commissioner conceded in both this case and in *Highpoint Tower* that abatement was appropriate with respect to items

---

[2] The Tax Court record does not indicate that any assessment or demand for payment was made to the Gunthers with respect to the year 2002.

17638539.1

over which the Tax Court had jurisdiction in the underlying deficiency proceeding.  Ex. A at 2; Ex. B at 1-2.

As it did in *Highpoint Tower* (Ex. B at 2-3), the Tax Court in this case determined that it lacked jurisdiction over the penalties in the deficiency proceeding under I.R.C. § 6230(a)(2)(A)(i) and, therefore, that it lacked jurisdiction to restrain assessment or collection of the penalties (Ex. A at 11-15).  Just as it had in *Highpoint Tower*, the Tax Court therefore granted the Commissioner's motion with respect to the penalty issues, and granted the Gunthers' motion to restrain assessment and collection of the remaining items properly at issue the deficiency proceeding.  Ex. A at 15; *see also* Ex. B.

5.  Based on the above, the question before the Court in this case is the same as that presented in *Highpoint Tower*, that is, whether the Tax Court correctly determined that it lacked deficiency jurisdiction over the § 6662 penalties pursuant to § 6230(a)(2)(A)(i) and that, as a result, it lacked authority to restrain their assessment or collection.

6.  We submit that holding briefing in this case in abeyance until this Court issues its opinion in *Highpoint Tower* would conserve the resources of this Court and the parties alike.  This Court's resolution of

17638539.1

the *Highpoint Tower* case would resolve the same legal issues raised in this appeal.  The Civil Appeal Statements filed in this case and in *Highpoint Tower* identify the issues on appeal in nearly identical terms.

We also submit that it would be prudent to allow the parties to evaluate their positions in this appeal in light of this Court's forthcoming disposition of the appeal in *Highpoint Tower*.  For example, upon this Court's resolution of *Highpoint Tower*, the parties may determine that this appeal should be dismissed under Fed. R. App. P. 42(b) or resolved through a motion for summary disposition.  Even if this case goes to briefing, awaiting this Court's decision in *Highpoint Tower* would presumably enlighten the parties' analysis of the issues presented.

7.  On May 30, 2019, the undersigned counsel contacted counsel for the appellants, Patrick J. McCann, who has stated that he is not opposed to this motion.

17638539.1

WHEREFORE, the Commissioner requests that briefing in this appeal be held in abeyance until this Court issues its opinion in *Highpoint Tower*.

Respectfully submitted,

RICHARD E. ZUCKERMAN
  *Principal Deputy Assistant*
  *Attorney General*

/s/ Kathleen E. Lyon
TERESA E. MCLAUGHLIN        (202) 514-4342
KATHLEEN E. LYON            (202) 307-6370
  *Attorneys*
  *Department of Justice*
  *Tax Division*
  *Post Office Box 502*
  *Washington, D.C.  20044*

May 30, 2019

17638539.1

# CERTIFICATE OF COMPLIANCE

1.  This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

> [X]   this document contains 1,356 words, **or**

> [ ]   this brief uses a monospaced typeface and contains _____ lines of text.

2.  This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

> [X]   this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in Century Schoolbook 14, **or**

> [ ]   this brief has been prepared in a monospaced typeface using _____ with _____.


s/ Kathleen E. Lyon

Attorney for the Appellee

Dated: May 30, 2019

17638539.1

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2019, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

s/ Kathleen E. Lyon
KATHLEEN E. LYON

# EXHIBIT
# A

Page: 14 of 49    Date Filed: 05/30/2019    Document: 12    USCA11 Case: 19-11790

T.C. Memo. 2019-6

# UNITED STATES TAX COURT

ROBERT C. GUNTHER AND JAYNE C. GUNTHER, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2834-16.                    Filed February 5, 2019.

David D. Aughtry and Patrick J. McCann, Jr., for petitioners.

William C. Bogardus and Debra Lynn Reale, for respondent.

## MEMORANDUM OPINION

GOEKE, Judge: This case is before the Court on petitioners' motion to
restrain the assessment or collection of tax and respondent's motion to dismiss the
portion of this case relating to penalties under section 6662.[1]

---

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code as amended and in effect at all relevant times, and all Rule

(continued...)

**SERVED Feb 05 2019**

USCA11 Case: 19-11790    Document: 12    Date Filed: 05/30/2019    Page: 15 of 49

[*2]    On November 6, 2015, respondent issued affected items notices of deficiency to petitioners following partnership-level proceedings under the unified audit and litigation partnership procedures (TEFRA). The deficiency notices determined income tax deficiencies for 1999, 2000, and 2002 of $1,746,012, $343,002, and $2,184, respectively; an accuracy-related penalty under section 6662(a) for 1999 of $7,884.20; and gross valuation misstatement penalties under section 6662(h) for 1999, 2000, and 2002 of $682,636.40, $137,200.80, and $873.60, respectively.

Both parties agree that we have jurisdiction to redetermine the income tax deficiencies in this case.  Respondent concedes that because we have jurisdiction over the tax deficiencies, petitioners' motion to restrain the collection of tax is appropriate.  However, respondent believes that we lack jurisdiction to consider the penalties at issue and therefore we must dismiss as to the penalties and have no authority to restrain collection of the same.

Petitioners argue partner-level determinations must be made regarding the income tax deficiencies and penalties at issue; thus, they argue, we have jurisdiction over the entirety of this case and respondent cannot assess or collect

---

[1](...continued)
references are to the Tax Court Rules of Practice and Procedure.

USCA11 Case: 19-11790    Document: 12    Date Filed: 05/30/2019    Page: 16 of 49

[*3] any tax deficiencies or penalties.  Respondent agrees that partner-level determinations must be made regarding the income tax deficiencies, but he disputes our jurisdiction over the penalties.  He believes liability as to the penalties was established at the partner level during the TEFRA proceedings and therefore petitioners have no recourse with this Court to contest them.

The issue for consideration is whether the adjustments in the notices of deficiency attributable to the TEFRA decision require partner-level determinations and thus give us jurisdiction over the case.  We hold that they do require partner-level determinations as related to the tax deficiencies, but not the penalties, and that we have jurisdiction only over the tax deficiencies at issue, but not over the penalties.  Accordingly, we have jurisdiction to enjoin the assessment and collection of tax and will grant petitioners' motion as it relates to the tax deficiencies.  We will also grant respondent's motion to dismiss as to the penalties.

USCA11 Case: 19-11790    Document: 12    Date Filed: 05/30/2019    Page: 17 of 49

[*4]                                    Background

Petitioners resided in Florida when the petition was timely filed.[2]  On

February 8, 2016, respondent issued two Forms 3552, Notice of Tax Due on

Federal Tax Return, for 1999 and 2000.  On May 16, 2016, respondent issued two

Notices CP503, Second Reminder of Unpaid Taxes, for 1999 and 2000.

I.    Arbitrage Trading, LLC

The deficiencies in this case arise from petitioners' involvement with

Arbitrage Trading, LLC (Arbitrage), an entity subject to TEFRA.  Petitioners, as

owners of the Robert and Jayne Gunther 1999 Revocable Trust, acquired a pair of

currency options from AIG International, Inc., which they purportedly contributed,

along with $45,000 in cash, to Arbitrage in exchange for a purported partnership

interest therein.  Petitioners subsequently withdrew their interest in Arbitrage in

exchange for a liquidating distribution of Xerox stock.

---

[2]The Court received the petition on February 5, 2016, one day after it was
due.  However, we may treat the petition as being filed on the date of mailing.  See
sec. 7502(a); Rule 13(c).  Although the UPS packaging in which the petition was
mailed contained no postmark, we are permitted to presume the mailing date by
tracing back to the date a package of that kind would normally have been sent.
See sec. 7502(f)(1); sec. 301.7502-1(c)(3), Proced. & Admin. Regs.; Notice 2015-
38, 2015-21 I.R.B. 984 (designating UPS Next Day Air as a qualified private
delivery service) (superseded by Notice 2016-30, 2016-18 I.R.B. 676, which
became effective April 11, 2016, after the petition was filed in this case).  Thus,
because the package was mailed UPS Next Day Air, we may presume it was
mailed on February 4, 2016, and treat it as filed as of that date.

[*5] Partnership proceedings in the Court of Federal Claims for Arbitrage's 1999 tax year sustained respondent's determination that Arbitrage was a sham and properly disregarded for Federal tax purposes. Arbitrage Trading, LLC, by and through Robert C. Gunther as a trustee for the Robert and Jayne Gunther 1999 Revocable Trust v. United States, Docket No. 06-202T (Oct. 3, 2014). As a result, respondent disregarded petitioners' investment in Arbitrage for 1999.

II.   Income Tax Deficiencies

   A.   1999 Tax Deficiency

Respondent determined a deficiency for petitioners' 1999 tax year as a result of: (1) the disallowance of a reported loss from the sale of the Xerox stock purportedly distributed by Arbitrage; (2) the inclusion of a constructive dividend for the payment of legal, accounting, consulting, and advisory fees related to Arbitrage; and (3) computational adjustments to itemized deductions and certain exemptions resulting from (1) and (2).

   B.   2000 and 2002 Tax Deficiencies

Respondent determined deficiencies for petitioners' 2000 and 2002 tax years as a result of: (1) the disallowance of a short-term capital loss carryforward representing a portion of the loss claimed on petitioners' 1999 tax return from the sale of the Xerox stock purportedly distributed by Arbitrage; (2) an increase in

[*6] taxable income from the disallowance of net operating loss carryforward from petitioners' 1999 tax year resulting from transactions related to Arbitrage; and (3) computational adjustments to itemized deductions resulting from (1) and (2).

The penalties for 1999, 2000, and 2002 represent accuracy-related penalties under section 6662(a) and (h), the applicability of which was determined at the partnership level.

## Discussion

The Tax Court is a court of limited jurisdiction, and we may exercise that jurisdiction only to the extent authorized by Congress. Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. Id. at 530; see secs. 6212 and 6213(a); Rule 13(a), (c). Section 6213(a) generally restrains the assessment of deficiencies and the collection of the same unless a notice of deficiency is issued by the Commissioner. The prohibition on assessment and collection extends during the time a petition may be filed in this Court, during the pendency of any proceeding actually brought, and until the decision of the Court becomes final. Sec. 6213(a). The Court has jurisdiction to enjoin the assessment and the collection of a deficiency that the Court has

USCA11 Case: 19-11790    Document: 12    Date Filed: 05/30/2019    Page: 20 of 49

[*7] jurisdiction to redetermine. Id.; see Meyer v. Commissioner, 97 T.C. 555, 560-561 (1991).

We analyze the extent of our jurisdiction to enjoin the assessment or the collection of tax. We will examine our jurisdiction over the tax deficiencies first and then turn to our jurisdiction over the penalties.

I.    Jurisdiction Over Tax Deficiencies

Neither party disputes our jurisdiction over the tax deficiencies in this case. However, because our jurisdiction "flows directly from Congress" and cannot be waived, we must determine it for ourselves. David Dung Le, M.D., Inc. v. Commissioner, 114 T.C. 268, 269 (2000) ("The failure to question our jurisdiction is not a waiver of the right to do so, for if we lack jurisdiction over an issue, we do not, and never did, have the power to decide it."), aff'd, 22 F. App'x 837 (9th Cir. 2001). Partnerships do not pay tax; rather, items of partnership income, loss, deduction, and credit are reflected on the partners' individual tax returns. See secs. 701 and 702. The TEFRA audit and litigation procedures under sections 6221 through 6234 apply to partnership items and allow for adjustments to partnership items in a TEFRA partnership-level proceeding. Such adjustments may result in adjustments to the tax liabilities of individual partners; however,

[*8] once the partnership items become final, the Commissioner must generally initiate further action at the partner level to adjust an individual partner's tax liability.

Computational adjustments are changes in the tax liability of a partner to properly reflect the treatment of a partnership item whether those changes can be directly assessed without partner-level determinations or require partner-level determinations and proceedings. See sec. 6231(a)(6); sec. 301.6231(a)(6)-1, Proced. & Admin. Regs. The Commissioner may make computational adjustments to reflect affected items--i.e., items affected by a partnership item determined at the partnership level. Sec. 6231(a)(5). There are two kinds of computational adjustments: ones to affected items that require partner-level determinations and ones to affected items that do not. If an affected item requires partner-level determinations, it is subject to the normal deficiency procedures under sections 6211 through 6216; and the Commissioner must issue a notice of deficiency to the partner before assessing any tax. Sec. 6230(a); sec. 301.6231(a)(6)-1(a)(3), Proced. & Admin. Regs. However, if an affected item requires no partner-level determinations, the normal deficiency procedures do not apply; and the Commissioner may immediately assess the resulting tax deficiency without issuing a notice of deficiency. Sec. 6230(a)(1) and (2)(A)(i); sec. 301.6231(a)(6)-1(a)(2),

[*9] Proced. & Admin. Regs. Where additional partner-level determinations are required and the Commissioner must issue a notice of deficiency, the taxpayer has a prepayment forum to challenge the Commissioner's determinations. Sec. 6230(a)(2)(A). However, if no partner-level determinations are required the taxpayer has no prepayment forum and must file a refund claim. Sec. 6230(a)(1), (c)(4).

Respondent argues that we have jurisdiction over the tax deficiencies in this case because factual determinations must be made at the partner level; thus, the Commissioner was required to issue a notice of deficiency and the notices in this case are valid. Petitioners do not dispute this portion of respondent's argument. We agree with both parties. Respondent's determinations are based on petitioners' sale of stock received in liquidation of their purported interest in Arbitrage. Generally, when a partnership interest is liquidated, a partner's basis in property (other than money) received from the partnership in a liquidating distribution is equal to the partner's outside basis in the partnership. Sec. 732(b). However, where the partnership is a sham and disregarded for Federal tax purposes, the partner is treated as holding the partnership's assets directly, and his adjusted basis in the assets is determined under section 1012(a). Keeter v. Commissioner, T.C.

USCA11 Case: 19-11790     Document: 12     Date Filed: 05/30/2019     Page: 22 of 49

**[\*10]** Memo. 2018-191, at \*13; see also sec. 1012(a) (basis of property is generally its cost).

The partners of a sham partnership do not have carryover bases under section 732(b) in assets purportedly received in liquidation of their interests in the partnership. Nonetheless, factual determinations regarding the partners' cost bases in the assets under section 1012(a) are required. For example, partner-level determinations must be made to determine petitioners' holding period for the stock, the character of any gain or loss, and whether the stock they sold in 1999 was the stock purportedly distributed by Arbitrage. See Napoliello v. Commissioner, 655 F.3d 1060, 1064 (9th Cir. 2011), aff'g T.C. Memo. 2009-104; Domulewicz v. Commissioner, 129 T.C. 11, 20 (2007), aff'd in relevant part, remanded in part sub nom. Desmet v. Commissioner, 581 F.3d 297 (6th Cir. 2009); Keeter v. Commissioner, at \*14.

The adjustments to petitioners' tax liabilities require partner-level determinations. Consequently, the normal deficiency procedures apply to those determinations and we have jurisdiction to redetermine the tax deficiencies. We now must examine our jurisdiction over the penalties.

USCA11 Case: 19-11790    Document: 12    Date Filed: 05/30/2019    Page: 23 of 49

USCA11 Case: 19-11790   Document: 12   Date Filed: 05/30/2019   Page: 24 of 49

[*11] II.     Jurisdiction Over Penalties

Respondent asserts that we lack jurisdiction over the penalties.  He argues that the liability for the penalties was determined in the prior partnership-level TEFRA proceeding; therefore, he continues, because liability for penalties is directly assessable at the partnership level, no partner-level determinations are required, we must dismiss the portion of this case relating to penalties for lack of jurisdiction, and we have no authority to enjoin the assessment or collection of the penalties.  Petitioners respond that under the Supreme Court's holding in United States v. Woods, 571 U.S. 31 (2013), penalties may be determined only provisionally at the partnership level and additional determinations are still required at the partner level.  We agree with respondent.

As we have explained, affected items are items that relate to a partnership item.  Sec. 6231(a)(5).  Section 6230(a)(1) provides that normal deficiency procedures generally do not apply to the assessment or collection of computational adjustments.  However, there is an exception where a computational adjustment is attributable to an affected item that requires partner-level determinations.  Sec. 6230(a)(2)(A)(i).  That exception applies to the tax liabilities in this case, which we have said require partner-level determinations.  However, the plain language of that exception renders it inapplicable to "penalties, additions to tax, and additional

USCA11 Case: 19-11790    Document: 12    Date Filed: 05/30/2019    Page: 25 of 49

[*12] amounts that relate to adjustments to partnership items." Id.; see also sec.

301.6231(a)(6)-1(a)(3), Proced. & Admin. Regs.  Respondent urges that because

there is no exception for penalties, the general rule applies and deficiency

procedures are inapplicable.  In response, petitioners point to the Supreme Court's

decision in Woods as holding that penalty determinations at the partnership level

are only provisional.  We do not believe Woods stands for the proposition that

petitioners suggest.

    In Woods the Supreme Court addressed a District Court's jurisdiction in

partnership-level proceedings under TEFRA and the requirement for subsequent

partner-level determinations.  As the Supreme Court explained:

> Once the adjustments to partnership items have become final, the IRS
> may undertake further proceedings at the partner level to make any
> resulting "computational adjustments" in the tax liability of the
> individual partners.  Most computational adjustments may be directly
> assessed against the partners, bypassing deficiency proceedings and
> permitting the partners to challenge the assessments only in post-
> payment refund actions.  Deficiency proceedings are still required,
> however, for certain computational adjustments * * *

Woods, 571 U.S. at 39 (citations omitted).

    The Supreme Court went on to explain that courts in partnership-level

proceedings have jurisdiction to determine the applicability of any penalty that

"relates to" a partnership item.  Id. (quoting section 6226(f)).  Thus, the question

USCA11 Case: 19-11790    Document: 12    Date Filed: 05/30/2019    Page: 26 of 49

[*13] the Supreme Court was deciding in <u>Woods</u> was "whether the valuation-misstatement penalty 'relates to' the determination that the partnerships * * * were shams." <u>Id.</u> In answering this question in the affirmative the Supreme Court noted that "[u]nder TEFRA's two-stage structure, penalties for tax underpayment must be <u>imposed</u> at the partner level". <u>Id.</u> at 40. As the Supreme Court explained, this renders the penalty determination at the partnership-level proceedings "inherently provisional", because it must be imposed at a later partner-level proceeding. <u>Id.</u> at 41. However, the Supreme Court does not make the same leap that petitioners do in this case--i.e., that the later imposition of the provisional penalties must be done under normal deficiency proceedings. The Supreme Court only notes that "[e]ach partner remains free to raise, in subsequent, partner-level proceedings, any reasons why the penalty may not be imposed on him specifically." <u>Id.</u> at 42. Under section 6230 the appropriate venue for partners to raise subsequent challenges to the imposition of penalties is in a postpayment refund action. Sec. 6230(c)(4), (c)(1)(C); sec. 301.6221-1(c), Proced. & Admin. Regs.; <u>see also</u> <u>Woods</u>, 571 U.S. at 39 ("[M]ost computational adjustments may be directly assessed against the partners, bypassing deficiency proceedings and permitting the partners to challenge the assessments only in post-payment refund

[*14] actions.").[3]  Thus, we find that we have no jurisdiction in this pre-payment

forum to consider the penalties determined at the partnership level.  See also

Domulewicz v. Commissioner, 129 T.C. at 22-23.  Petitioners must raise any

defenses to the penalties in a refund action.[4]  As we have no jurisdiction to

---

[3]The Supreme Court appears to acknowledge that its holding in United States v. Woods, 571 U.S. 31 (2013), would allow the direct assessment of penalties without deficiency proceedings.  In a footnote, the Supreme Court dismisses criticism from amici that its holding would allow a direct assessment of the 40% penalty, but require deficiency proceedings to assess the tax underpayment.  Id. at 42 n.2.  However, the Supreme Court does not scoff at the assumption that its holding would foreclose the direct assessment of penalties; rather, it suggests that there is no "readily apparent" reason deficiency proceedings would be required to assess the tax underpayment if it was dependent only on adjusting outside basis in a sham partnership.  Id.

[4]Petitioners suggest that denying them a prepayment forum to dispute the penalties in this case would violate the Fifth Amendment's due process requirement.  We do not agree.  Congress has chosen to provide petitioners and other similarly situated taxpayers with only a postpayment refund forum.  Such is its prerogative and does not violate the Constitutional requirements of due process. See Phillips v. Commissioner, 283 U.S. 589, 595-597 (1931); Johnston v. Commissioner, 429 F.2d 804, 806 (6th Cir. 1970), aff'g 52 T.C. 792 (1969); Fendler v. Commissioner, 441 F.2d 1101, 1103 (9th Cir. 1971).

Additionally, petitioners argue that Mrs. Gunther's innocent spouse claim under sec. 6015 requires granting a prepayment opportunity to challenge the penalties in this case.  Apart from a vague assertion in their petition that "as a protective matter, Jayne is entitled to Innocent Spouse Relief under Section 6015", we find no claim for innocent spouse relief by Mrs. Gunther.  Because we find that this conclusory statement does not satisfy our pleading requirements, no innocent spouse claim has been pleaded and we will not consider this argument.  See Rule 321(b).  Our decision does not consider the merits of any potential innocent spouse claim Mrs. Gunther may have.

**[*15]** consider the penalties at issue, we have no authority to enjoin their collection or assessment. Accordingly, petitioners' motion as it relates to the penalties will be denied and respondent's motion to dismiss as to the penalties will be granted. We have jurisdiction over the tax liabilities at issue; therefore, petitioners' motion to restrain the collection or assessment of the tax liabilities will be granted.

In reaching our holdings, we have considered all arguments made, and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>An order will be issued granting</u>

<u>petitioners' motion in part and denying it in</u>

<u>part and granting respondent's motion.</u>

Page: 29 of 49    Date Filed: 05/30/2019    Document: 12    USCA11 Case: 19-11790

**UNITED STATES TAX COURT**
**WASHINGTON, DC 20217**

| | |
|---|---|
| ROBERT C. GUNTHER & JAYNE C. GUNTHER, | ) ) ) |
| Petitioner(s), | ) ) |
| v. | ) Docket No. 2834-16. ) |
| COMMISSIONER OF INTERNAL REVENUE, | ) ) |
| Respondent | ) |

## O R D E R

Pursuant to the determination of this Court, as set forth in its Memorandum Opinion, filed February 5, 2019, (T.C. Memo. 2019-6), it is hereby

ORDERED that petitioners' Motion to Restrain Assessment or Collection or to Order Refund of Amount Collected, filed June 9, 2016, is granted in part enjoining the assessment and collection of tax and is denied regarding assessment or collection of penalties. It is further

ORDERED that respondent's Motion to Dismiss and Strike Penalty, filed September 16, 2016, is granted.

**(Signed) Joseph Robert Goeke**
**Judge**

ENTERED:    **FEB 07 2019**

# EXHIBIT B

Page: 31 of 49    Date Filed: 05/30/2019    Document: 12    USCA11 Case: 19-11790

**UNITED STATES TAX COURT**
**WASHINGTON, DC 20217**

HIGHPOINT TOWER TECHNOLOGY, INC.,  )
                                         )
          Petitioner(s),         )
                                         )
          v.                )  Docket No. 2828-16.
                                         )
COMMISSIONER OF INTERNAL REVENUE,  )
                                         )
          Respondent        )

## O R D E R

Pending before the Court are petitioner's Motion to Restrain Assessment or Collection or to Order Refund of Amount Collected, filed June 9, 2016 (petitioner's motion), and respondent's Motion to Dismiss and to Strike a Portion of the Proposed Deficiency and the Entire Penalty, filed September 15, 2016 (respondent's motion).

This case is based upon an Affected Item Notice of Deficiency (notice) issued to petitioner. The notice was issued following completion of Arbitrage Trading, LLC's (Arbitrage) TEFRA partnership proceeding for tax year ended December 31, 1999. In the Amended Judgment relating to that proceeding, the Court of Federal Claims determined, inter alia, Arbitrage was a sham that is properly disregarded for tax purposes, and that the 40% gross valuation misstatement penalty applies to any underpayment of tax attributable to the adjustments to contribution amounts in excess of the corrected bases. That decision became final December 2, 2014. All adjustments and the section 6662[1] penalty in the notice flow from the partnership decision.

Petitioner alleges it was premature for respondent to assess any of the items in the notice. Respondent agrees that we have jurisdiction over the portion of the deficiency related to the increase in capital gain income and the disallowance of

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**SERVED Jul 18 2017**

deducted fees, and that that portion of the assessment may be abated. Respondent argues, however, that we lack jurisdiction over the adjustment to other income because it is a computational adjustment not subject to deficiency procedures. Petitioner counters that the adjustment to other income flowing from Arbitrage is an affected item that relates to petitioner's basis in Arbitrage and requires partner-level factual determinations. Respondent further contends that this Court has no jurisdiction over the penalty.

Respondent contends that because Arbitrage was formed solely for tax avoidance purposes, any loss resulting from the transactions engaged in by Arbitrage is disallowed as a deduction at the partner level. As such, the adjustment to other income flowing from Arbitrage is a computation adjustment pursuant to section 6231(a)(6) and is not subject to deficiency procedures under section 6230(a) because no additional facts need to be determined at the partner-level. Accordingly, the Court will direct petitioner to file a response to this Order addressing which, if any, specific factual determinations need to be made in this partner-level proceeding to determine the adjustment to other income.

In United States v. Woods, 134 S.Ct. 557, 565-566 (2013), the Supreme Court stated that where the partnership is a sham, no partner-level determinations are needed to determine outside basis because "once the partnerships were deemed not to exist for tax purposes, no partner could legitimately claim an outside basis greater than zero." See also Greenwald v. Commissioner, 142 T.C. 308, 315 (2014). It is not possible for petitioner to have an outside basis greater than zero in Arbitrage, a partnership that does not exist for tax purposes. The final decision in the partnership-level proceeding applied the section 6662 penalty. It is well settled that the penalty may be directly assessed as a computational adjustment that we lack jurisdiction over, notwithstanding the need for partner-level determinations. See sec. 6230(a)(2), (c)(4); Woods, 571 S. Ct. at 565, n.2; Thompson v. Commissioner, T.C. Memo. 2014-154 at *8; Logan Tr., 616 Fed. Appx. 426 (D.C. Cir. 2015).

Accordingly, it is

ORDERED that so much of petitioner's motion as relates to the portion of the deficiency related to the increase in capital gain income and the disallowance of deducted fees is granted and that so much of petitioner's motion as relates to the penalty is denied. It is further

- 3 -

ORDERED that, on or before August 25, 2017, petitioner shall file with the Court a response to this Order addressing the issue whether this Court has jurisdiction over the portion of the deficiency related to the adjustment to other income.  It is further

ORDERED that respondent's motion is granted in part as to the penalty.

**(Signed) Joseph Robert Goeke**
**Judge**

Dated:  Washington, D.C.
        July 17, 2017

## UNITED STATES TAX COURT
### WASHINGTON, DC 20217  PA

| | |
|---|---|
| HIGHPOINT TOWER TECHNOLOGY, INC., | ) |
| | ) |
| Petitioner(s), | ) |
| | ) |
| v. | ) Docket No. 2828-16. |
| | ) |
| COMMISSIONER OF INTERNAL REVENUE, | ) |
| | ) |
| Respondent | ) |

## O R D E R

On June 9, 2016, petitioner filed a Motion to Restrain Assessment or Collection or to Order Refund of Amount Collected (petitioner's motion). On September 15, 2016, respondent filed a Motion to Dismiss and Strike a Portion of the Proposed Deficiency and the Entire Penalty (respondent's motion).

On July 17, 2017, the Court granted petitioner's motion as relates to the portion of the deficiency related to the increase in capital gain income and the disallowance of deducted fees, and denied the motion as relates to the penalty (July 17 order). The Court ordered petitioner to file a response addressing the issue whether this Court has jurisdiction over the portion of the deficiency related to the adjustment to other income. The Court granted respondent's motion in part as to the penalty.

On August 17, 2017, petitioner filed a Motion for Reconsideration of Order and a Memorandum in Support of Motion by Petitioner for Reconsideration of Order Dated July 17, 2017 (petitioner's motion for reconsideration). In petitioner's motion for reconsideration, petitioner contends that this Court retains jurisdiction over the adjustment to other income, and reasserts its position that this Court has jurisdiction over the penalty.

Petitioner contends that this Court retains jurisdiction over the adjustment to other income because "[t]he application of the at-risk rules to the $72,053 loss (even ignoring Arbitrage) remains a factual affected item requiring partner-level determinations." We disagree. The deficiency at issue results in part from the

USCA11 Case: 19-11790    Document: 12    Date Filed: 05/30/2019    Page: 35 of 49

disallowance of a $72,053 loss that flowed directly from Arbitrage Trading, LLC (Arbitrage). It was previously determined that Arbitrage was a sham and any loss resulting from transactions engaged in by Arbitrage is not allowed as a deduction. As such, the $72,053 flow-through loss is a computational adjustment pursuant to I.R.C. section 6231(a)(6) and not subject to deficiency proceedings under I.R.C. section 6230(a). Accordingly, we lack jurisdiction over the adjustment to other income.

Petitioner encourages the Court to reconsider its July 17 order dismissing the penalty in order "to prevent manifest injustice." Tax Court Rule 161 allows the Court to reconsider its findings, opinions, and interlocutory orders. Bedrosian v. Commissioner, 144 T.C. 152, 156 (2015). The Court will grant reconsideration if the case of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgement is void; (5) the judgement has been satisfied, released, or discharged; (6) manifest injustice; or (7) any other reason that justifies relief. Id. at 156. Petitioner, however, fails to articulate with any specificity any injustice that may occur.

Deficiency proceedings do not apply to the assessment of penalties determined to be applicable at the partnership level, regardless of whether partner-level determinations are required to assess the penalty. I.R.C. sec. 6230(a)(2)(A)(i); sec. 301.6231(a)(6)-1, Proced. & Admin. Regs. In the Amended Judgment relating to prior partnership proceeding (Arbitrage Trading, LLC v. United States, docket No. 06-202T), partnership items, including the application of the penalty, were conclusively determined. See I.R.C. secs. 6221 and 6320(c)(4). As such, this Court lacks jurisdiction over the penalty, and we stand by our decision.

Accordingly, it is

ORDERED that petitioner's motion for reconsideration is denied. It is further

ORDERED that respondent's motion is granted in full.

**(Signed) Joseph Robert Goeke**
**Judge**

Dated: Washington, D.C.
      November 2, 2017

# EXHIBIT
# C

# In the United States Court of Federal Claims

### No. 06-202 T

**ARBITRAGE TRADING, LLC,**
**by and through ROBERT C. GUNTHER**
**as trustee for ROBERT and JAYNE**
**GUNTHER 1999 REVOCABLE TRUST**

v.

**AMENDED**
**JUDGMENT**

**THE UNITED STATES**

Pursuant to the court's Order, filed October 2, 2014,

IT IS ORDERED AND ADJUDGED this date, pursuant to Rule 58, that judgment is entered as follows:

1.  All adjustments of the partnership items contained in the Notices of Final Partnership Administrative Adjustment (FPAA) issued to Arbitrage Trading, LLC for the tax period ending December 31, 1999, are sustained. In addition, all explanations contained in Exhibits A to the aforementioned FPAA are conceded to be correct.

2.  All penalties contained in the FPAA issued to Arbitrage Trading, LLC for the tax period ending December 31, 1999, are sustained and apply to underpayments of tax attributable to adjustments to contribution amounts in excess of the corrected bases. These partners of Arbitrage Trading, LLC reserve their right to pursue partner-level defenses to these penalties.

3.  Each party shall bear its own costs of litigating this matter.

Hazel C. Keahey
Clerk of Court

October 3, 2014                    By:    s/ Debra L. Samler

Deputy Clerk

NOTE: As to appeal, 60 days from this date, see RCFC 58.1, re number of copies and listing of all plaintiffs. Filing fee is $505.00.

Exhibit A

### Arbitrage Trading, LLC
### EXHIBIT A

1. It is determined that neither Arbitrage Trading, LLC nor its purported partners have established the existence of Arbitrage Trading, LLC as partnership as a matter of fact.

2. Even if Arbitrage Trading, LLC existed as a partnership, the purported partnership was formed and availed of solely for purposes of tax avoidance by artificially overstating basis in the partnership interests of its purported partners. The formation of Arbitrage Trading, LLC, the acquisition of any interest in the purported partnership by the purported partner, the purchase of offsetting options, the transfer of offsetting options to a partnership in return for a partnership interest, the purchase of assets by the partnership, and the distribution of those assets to the purported partners in complete liquidation of the partnership interests, and the subsequent sale of those assets to generate at a loss, all within a period of less than four months, had no business purpose other than tax avoidance, lacked economic substance, and, in fact and substance, constitutes an economic sham for federal income tax purposes. Accordingly, the partnership and the transactions described above shall be disregarded in full and any purported losses resulting from these transactions are not allowable as deductions for federal income tax purposes.

3. It is determined that Arbitrage Trading, LLC was a sham, lacked economic substance and, under § 1.701-2 of the Income Tax Regulations, was formed and availed of in connection with a transaction or transactions in taxable year 1999, a principal purpose of which was to reduce substantially the present value of its partners' aggregate federal tax liability in a manner that is inconsistent with the intent of Subchapter K of the Internal Revenue Code. It is consequently determined that:
    a. the Arbitrage Trading, LLC is disregarded and that all transactions engaged in by the purported partnership are treated as engaged in directly by its purported partners. This includes the determination that the assets purportedly acquired by Arbitrage Trading, LLC, including but not limited to foreign currency options, were acquired directly by the purported partners.
    b. the foreign currency option(s), purportedly contributed to or assumed by Arbitrage Trading, LLC, are treated as never having been contributed to or assumed by said partnership and any gains or losses purportedly realized by Arbitrage Trading, LLC on the option(s) are treated as having been realized by its partners.
    c. the purported partners of Arbitrage Trading, LLC should be treated as not being partners in Arbitrage Trading, LLC.
    d. contributions to Arbitrage Trading, LLC will be adjusted to reflect clearly the partnership's or purported partners' income.

1

## Arbitrage Trading, LLC
### EXHIBIT A

4. It is determined that neither Arbitrage Trading, LLC nor its purported partners entered into the option(s) positions or purchased the foreign currency or stock with a profit motive for purposes of § 165(c)(2).

5. It is determined that, even if the foreign currency option(s) are treated as having been contributed to Arbitrage Trading, LLC, the amount treated as contributed by the partners under section 722 of the Internal Revenue Code is reduced by the amounts received by the contributing partners from the contemporaneous sales of the call option(s) to the same counter-party. Thus, the basis of the contributed option(s) is reduced, both in the hands of the contributing partners and Arbitrage Trading, LLC. Consequently, any corresponding claimed increases in the outside basis in Arbitrage Trading, LLC resulting from the contributions of the foreign currency option(s) are disallowed.

6. It is determined that the adjusted bases of the long call positions (purchased call options), zero coupon notes, and other contributions purportedly contributed by the partners to Arbitrage Trading, LLC has not been established under I.R.C. § 723. It is consequently determined that the partners of Arbitrage Trading, LLC have not established adjusted bases in their respective partnership interests in an amount greater than zero (-0-).

7. It is further determined that, in the case of a sale, exchange, or liquidation of Arbitrage Trading, LLC partners' partnership interests, neither the purported partnership nor its purported partners have established that the bases of the partners' partnership interests were greater than zero for purposes of determining gain or loss to such partners from the sale, exchange, or liquidation of such partnership interest.

8. Accuracy-Related Penalties

It is determined that the adjustments of partnership items of Arbitrage Trading, LLC are attributable to a tax shelter for which no substantial authority has been established for the position taken, and for which there was no showing of reasonable belief by the partnership or its partners that the position taken was more likely than not the correct treatment of the tax shelter and related transactions. In addition, all of the underpayments of tax resulting from those adjustments of partnership items are attributable to, at a minimum, (1) substantial understatements of income tax, (2) gross valuation misstatement(s), or (3) negligence or disregarded rules or regulations. There has not been a showing by the partnership or any of its partners that there was reasonable cause for any of the resulting underpayments, that the partnership or any of its partners acted in good faith, or that any other exceptions to the penalty apply. It is therefore determined that, at a minimum, the accuracy-related penalty under Section 6662(a) of the Internal Revenue Code applies to all underpayments of tax attributable to adjustments of partnership items of Arbitrage Trading, LLC. The penalty shall be imposed

## Arbitrage Trading, LLC
EXHIBIT A

on the components of underpayment as follows:

A. a 40 percent penalty shall be imposed on the portion of any underpayment attributable to the gross valuation misstatement as provided by Sections 6662(a), 6662(b)(3), 6662(e), and 6662(h) of the Internal Revenue Code.

B. a 20 percent penalty shall be imposed on the portion of the underpayment attributable to negligence or disregard of rules and regulations as provided by Sections 6662(a), 6662(b)(1), 6662(c) of the Internal Revenue Code.

C. a 20 percent penalty shall be imposed on the underpayment attributable to the substantial understatement of income tax as provided by sections 6662(a), 6662(b)(2), and 6662(d) of the Internal Revenue Code.

D. a 20 percent penalty shall be imposed on the underpayment attributable to the substantial valuation misstatement as provided by Sections 6662(a), 6662(b)(3),  and 6662(e) of the Internal Revenue Code.

It should not be inferred by the determination of the Accuracy Related Penalty in this notice that fraud penalties will not be sought on any portion of an underpayment subsequently determined to be attributable to fraud or that prosecution for criminal offenses will not be sought under IRC § 7201, 7206 or other provisions of federal law if determined to be appropriate.

3

USCA11 Case: 19-11790    Document: 12    Date Filed: 05/30/2019    Page: 41 of 49

# EXHIBIT
# D

USCA11 Case: 19-11790    Document: 12    Date Filed: 05/30/2019    Page: 42 of 49

## UNITED STATES TAX COURT

| | | |
|---|---|---|
| ROBERT C. GUNTHER and<br>JAYNE C. GUNTHER, | ) | |
| | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | **DOCKET NO: 2834-16** |
| | ) | |
| COMMISSIONER OF INTERNAL<br>REVENUE, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## PETITIONERS' MOTION TO RESTRAIN COLLECTION

PETITIONERS HEREBY MOVE, pursuant to Rule 55 of the TAX COURT RULES OF PRACTICE AND PROCEDURE, to restrain Respondent from improper collection of taxes, penalties, and interest for the taxable years ending December 31, 1999, December 31, 2000, and December 31, 2002.

IN SUPPORT THEREOF, Petitioners show unto the Court:

1.    Respondent issued three Notices of Deficiency dated November 6, 2015 for the taxable years ending December 31, 1999, December 31, 2000, and December 31, 2002. Copies of the Notices are attached as Exhibits A through C.

2.    The notices assert the following deficiencies and penalties:

| Taxable Year | Proposed Tax Deficiency | Penalty Section 6662(a)[1] | Penalty Section 6662(h) |
|---|---|---|---|
| 1999 | $1,746,012.00 | $7,884.20 | $682,636.40 |
| 2000 | $343,002.00 | N/A | $137,200.80 |
| 2002 | $2,184.00 | N/A | $873.60 |

All of these amounts are in dispute.

3.    On February 4, 2016 Petitioners timely filed a Petition for Redetermination of the Deficiency and Penalties asserted by Respondent in the Notices.

4.    After the filing of the Petition but prior to receipt of Respondent's Answer, Petitioners received two Notices of Tax Due on Federal Tax Return (Form 3552) dated February 8, 2016, reflecting an assessment date of February 8, 2016, for taxable years 1999 and 2000. A copy of Forms 3552 are attached as Exhibits D and E.

5.    Respondent filed his Answer on March 30, 2016.

6.    Petitioner received a Second Notice of Taxes Due (Notice CP503) for taxable years 1999 and 2000 dated May 16, 2016. Copies of the Notices CP503 are attached as Exhibits F and G.

---

[1] All "Section" references are to the Internal Revenue Code of 1986, as amended, and in effect for the tax year ending December 31, 2002.

- 2 -

USCA11 Case: 19-11790    Document: 12    Date Filed: 05/30/2019    Page: 44 of 49

7.      Pursuant to Section 6213(a) "no assessment of a deficiency... and no levy or proceeding in court for its collection shall be made, begun, or prosecuted... if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final".

8.      Petitioner has contacted Respondent's counsel and provided him with drafts of the Motion.  Respondent's counsel has not stated his position on this Motion, but, due to the urgency of this matter, we feel compelled to file the Motion.

WHEREFORE, Petitioners pray the Court grant their Motion to Restrain Collection.

USCA11 Case: 19-11790    Document: 12    Date Filed: 05/30/2019    Page: 45 of 49

Respectfully submitted,

Date: _June 9, 2016_

_____
DAVID D. AUGHTRY
Tax Court Bar No. AD016

Date: _June 9, 2016_

_____
PATRICK J. MCCANN, JR.
Tax Court Bar No. MP0505

Attorneys for Petitioners
Chamberlain, Hrdlicka, White,
Williams & Aughtry
191 Peachtree Street, N.E.
Thirty-Fourth Floor
Atlanta, GA 30303
Telephone: (404) 659-1410

2359337.1

# EXHIBIT E

USCA11 Case: 19-11790    Document: 12    Date Filed: 05/30/2019    Page: 47 of 49

## UNITED STATES TAX COURT

| | | |
|---|---|---|
| **HIGHPOINT TOWER TECHNOLOGY, INC.,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | **DOCKET NO: 2828-16** |
| | ) | |
| **COMMISSIONER OF INTERNAL REVENUE,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

---

## PETITIONER'S MOTION TO RESTRAIN COLLECTION

---

PETITIONER HEREBY MOVES, pursuant to Rule 55 of the TAX COURT RULES OF PRACTICE AND PROCEDURE, to restrain Respondent from improper collection of taxes, penalties, and interest for the taxable year ending December 31, 1999.

IN SUPPORT THEREOF, Petitioner shows unto the Court:

1.    Respondent issued a Notice of Deficiency dated November 6, 2015 for the taxable year ending December 31, 1999. A copy of the Notice is attached as Exhibit A.

2.      The notice asserts a proposed tax deficiency of $5,222,675 and a corresponding accuracy related penalty pursuant to Section[1] 6662 in the amount of $2,089,070. Both of these amounts are in dispute.

3.      On February 4, 2016 Petitioner timely filed a Petition for Redetermination of the Deficiency and Penalties asserted by Respondent in the Notice.

4.      After the filing of the Petition but prior to receipt of Respondent's Answer, Petitioner received a Notice of Tax Due on Federal Tax Return (Form 3552) dated February 8, 2016, reflecting an assessment date of February 8, 2016, for the taxable year 1999. A copy of Form 3552 is attached as Exhibit B.

5.      Respondent filed his Answer on March 30, 2016.

6.      Petitioner has received a Notice of Intent to Levy (Notice CP504B) dated June 6, 2016. A copy of Notice CP504B is attached as Exhibit C.

7.      Pursuant to Section 6213(a) "no assessment of a deficiency... and no levy or proceeding in court for its collection shall be made, begun, or prosecuted... if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final".

---

[1] All "Section" references are to the Internal Revenue Code of 1986, as amended, and in effect for the tax year ending December 31, 1999.

8.     Petitioner has contacted Respondent's counsel and provided him with drafts of the Motion.  Respondent's counsel has not stated his position on this Motion, but, due to the urgency of this matter, we feel compelled to file the Motion.

WHEREFORE, Petitioners pray the Court grant their Motion to Restrain Collection.

Respectfully submitted,

Date: _June 9, 2016_

DAVID D. AUGHTRY
Tax Court Bar No. AD016

Date: _June 9, 2016_

PATRICK J. MCCANN, JR.
Tax Court Bar No. MP0505

Attorneys for Petitioners
Chamberlain, Hrdlicka, White,
   Williams & Aughtry
191 Peachtree Street, N.E.
Thirty-Fourth Floor
Atlanta, GA 30303
Telephone: (404) 659-1410

2359166.1

- 3 -